UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )    Chapter 7
ROBERT FITZGERALD and               )
MICHELLE FITZGERALD,                )
                                    )    Bankruptcy No. 09-00371
     Debtors.                       )

### ORDER RE: MOTION TO HOLD CREDITOR IN CONTEMPT

This matter came before the undersigned on June 18, 2009 on Debtors' Motion to Hold Creditor in Contempt for Violation of the Automatic Stay. Debtor Michelle Fitzgerald appeared with attorney Brian Peters. Creditor Savanna Auto did not appear. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

### FINDINGS OF FACT

Debtors filed their Chapter 7 petition on February 26, 2009. Savanna Auto received notice of the filing of the case. Savanna Auto is listed on the creditor matrix, and on Schedule D as a creditor holding a security interest in Debtors' SUV, a 1999 Dodge Durango. Debtors' Statement of Intention shows they intended to retain the vehicle and reaffirm the debt. No reaffirmation agreement has been filed. The § 341 meeting of creditors was originally scheduled for March 30, 2009.

Savanna Auto repossessed the vehicle on April 5 or 6, 2009 from Debtor's home. Mrs. Fitzgerald testified that the vehicle was parked at their residence and it must have been taken in the middle of the night. After learning from the County Sheriff that a repossession firm had taken the vehicle, Debtors contacted their attorney. On April 6, Attorney Peters telephoned Savanna Auto and faxed it a copy of the notice of the bankruptcy case, requesting that the vehicle be returned. (Ex 1.) Savanna Auto sent a "21 Day Notice of Disposal" to Debtors dated April 7, 2009. (Ex. 2).

On April 9, 2009, Savanna Auto sent a fax to Attorney Peters stating it would like to obtain relief from the stay on three grounds: lack of insurance, lack of equity and failure to make payments. (Ex. 3). This fax also states that Debtors had been hiding the vehicle. Mrs. Fitzgerald testified that the vehicle had been at a garage for repairs which cost $1500. Although

Savanna Auto's fax to Attorney Peters indicates an intent to seek relief from the stay, Savanna Auto has not filed a Motion for Relief from Stay in this case or responded to Debtors' Motion fo Hold Creditor in Contempt.

Debtor Robert Fitzgerald used the Durango for his heating and air conditioning business. Most of his business tools were in the vehicle when Savanna Auto repossessed it. Exhibit 4 is a list of the tools in the Durango which Debtors assert cost $7500. Mrs. Fitzgerald testified that Debtors purchased the vehicle in March 2008 with a $2500 down payment and agreed to pay Savanna Auto $300 per month. Savanna Auto kept the title, which Debtors would receive when all payments were made. Debtors fell behind with payments prepetition. They have not made payments since September 2008. Mrs. Fitzgerald testified that if the vehicle was returned to them, they would make payments, but she would be leery of whether Savanna Auto might have done something to the vehicle.

Savanna Auto has not appeared or filed any documents in this case. It did not appear at the hearing. The record indicates that Savanna Auto was notified of Debtors' Motion to Hold Creditor in Contempt and the Notice setting hearing on the Motion by mail. See Docs. 11, 15 and 16.

## CONCLUSIONS OF LAW

The scope of the automatic stay is extremely broad. In re Knaus, 889 F.2d 773, 774 (8th Cir. 1989); In re Vierkant, 240 B.R. 317, 320 (B.A.P. 8th Cir. 1999). It stops "all collection efforts, all harassment, and all foreclosure actions . . . and permits the debtor to be relieved of the financial pressures that [resulted in the bankruptcy]." Vierkant, 240 B.R. at 320. "Because of its fundamental importance, courts must display a certain rigor in reacting to violations of the automatic stay." In re Pearce, 400 B.R. 126, 133 (Bankr. N.D. Iowa 2009).

Repossession of collateral from a debtor postpetition violates the automatic stay under § 362(a)(3). A creditor in possession of collateral constituting estate property violates the automatic stay if it retains possession of that collateral postpetition regardless of whether the creditor believes it is not adequately protected. Knaus, 889 F.2d at 775; In re Williams, 316 B.R. 534, 544 (Bankr. E.D. Ark. 2004). Upon the request of a debtor, the creditor must return the collateral and then, if necessary, seek adequate protection of its interests in the bankruptcy court. Thompson v. General Motors Acceptance Corp., 566 F.3d 699, 708 (7th Cir. 2009).

2

"An individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). A violation is "willful" if the creditor's conduct was deliberate and with knowledge of the bankruptcy filing. <u>Pearce</u>, 400 B.R. at 134; <u>Knaus</u>, 889 F.2d at 775. In imposing actual damages, the court has discretion to fashion the punishment to fit the circumstances. <u>Pearce</u>, 400 B.R. at 134. An award of punitive damages requires not only a willful violation but "appropriate circumstances" such as egregious, intentional misconduct by the creditor. <u>Id.</u>; <u>Knaus</u>, 889 F.2d at 776.

**ANALYSIS**

Savanna Auto violated the automatic stay by repossessing the 1999 Dodge Durango postpetition. Notice of Debtors' bankruptcy was mailed to Savanna Auto on March 1, 2009. More than a month later, Savanna Auto repossessed the Durango from Debtors' residence in the middle of the night. After receiving communications from Debtors' attorney, Savanna Auto has refused to return the vehicle and has failed to turn over the tools which were in the vehicle when it was repossessed.

The factual record is ambiguous concerning the precise relationships between Debtors and Savanna Auto. There is a suggestion that Savanna Auto may have a secured status which may or may not change their responsibility. However, Savanna Auto has completely failed to appear or present their position. As such, the Court must make its findings as presented.

Debtors are entitled to damages from Savanna Auto's violation of the automatic stay. Savanna Auto must turn over the tools contained in the vehicle at the time of repossession, or pay for the replacement cost of the tools which is $7500 as testified to by Debtor. In addition, Debtors have suffered damages as a result of the loss of the vehicle. The Court values this damage at $3,000 based on Debtors' estimate in Schedule B that the value of the 1999 Dodge Durango is $3,000, their recent repair of the vehicle which cost $1500 and their $2,500 down payment in March 2008.

In addition, the Court finds that Savanna Auto's violation of the automatic stay was willful under § 362(k) and appropriate circumstances exist showing that its misconduct was intentional and egregious. Punitive damages are appropriate in the amount of $3,000.

3

**WHEREFORE**, Debtors' Motion to Hold Creditor in Contempt for Violation of the Automatic Stay is GRANTED.

**FURTHER**, judgment is entered against Savanna Auto and in favor of Debtors Robert Fitzgerald and Michelle Fitzgerald in the amount of $6,000 for actual and punitive damages for Savanna Auto's violation of the automatic stay.

**FURTHER**, Savanna Auto is ordered to turn over the tools contained in the 1999 Durango as listed in Exhibit 4 on or before June 30, 2009.

**FURTHER**, if Savanna Auto fails to timely turn over the tools and Debtors file an affidavit to that effect, additional judgment will be entered against Savanna Auto and in favor of Debtors Robert Fitzgerald and Michelle Fitzgerald in the amount of $7,500.

**FURTHER**, judgment shall enter accordingly.

DATED AND ENTERED: June 23, 2009

_/s/ Paul J. Kilburg_

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE